

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

**MEMO ENDORSED**

August 17, 2018

LAURA B. JUFFA
DIRECT: 646.367.6716
LJUFFA@KBRLAW.COM

**VIA ECF**

Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 20, 2018

Re:   Dedra De La Rosa v. 4 USS LLC and Forever 21 Retail, Inc.
      S.D.N.Y. Civil Action No.: 17cv02764 (KPF)

Dear Judge Failla:

We represent the Defendant, Forever 21 Retail, Inc. ("Forever 21"), in the above-referenced matter. Pursuant to Section 4(A) of Your Honor's Individual Rules of Practice, we write to request a Pre-Motion Conference in advance of Defendant Forever 21's anticipated motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Dedra De La Rosa ("Ms. De La Rosa" or "Plaintiff"), brought this action against Defendants 4 USS LLC and Forever 21 Retail, Inc. asserting claims of disability discrimination under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., New York State Executive Law § 296, New York State Civil Rights Law § 40, New York City Administrative Code § 8-107, as well as a claim of common law negligence. Plaintiff, a wheelchair user, alleges barriers to access in certain areas of the Forever 21 store located on Union Square South. Defendant 4 USS LLC is the Owner/Landlord of the store location. In her Complaint, Plaintiff seeks an injunction requiring the removal of alleged architectural barriers related to the Entrance, Points of Service, Accessible Routes and Fitting Rooms as well as directional accessibility signs.

Title III of the ADA allows only for injunctive relief and no monetary award. *Brief v. Albert Einstein College of Medicine*, 423 F. App'x 88, 90 (2d Cir. 2011) citing *Powell v. Nat'l Bd. Of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004). Therefore, as in this case, a claim under the ADA can become moot if the barriers of access are remedied during the pendency of litigation. *Bacon v. Walgreen Co.*, 14 cv 0419, 2015 U.S. Dis. LEXIS 35184 at *7 (E.D.N.Y. 2015); *Disabled in Action of Metro N.Y. v. Trump Int'l Hotel & Tower*, 2003 U.S. Dist. LEXIS 5145 at *37 (S.D.N.Y. 2005)(evaluating whether modifications to property rendered ADA claim moot). The Second Circuit has applied a two-part test to determine whether a defendant's voluntary

cessation has rendered a case moot.  The defendant must demonstrate: (1) there is no reasonable expectation that the alleged violation will recur; and (2) interim relief or events have completely an irrevocably eradicated the effects of the alleged violation."  *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010); see also *Gropper v. Fine Arts House, Inc.*, 12 F. Supp.3d 664, 670 (S.D.N.Y. 2014).  In its anticipated motion for summary judgment, Defendant Forever 21 will demonstrate that it has satisfied the Second Circuit's mootness test.

Following receipt of Plaintiff's Complaint, Forever 21 sent a memorandum to Store Managers reminding them of the need to comply with the ADA.  Furthermore, Forever 21 and 4 USS LLC voluntarily made modifications to the store, without admitting any obligation to do so, removing any barriers that allegedly violated the anti-discrimination statutes.

With the exception of the maneuvering clearance outside of the entrance, the majority of the alleged barriers in the complaint were addressed by approximately November 2017.  Subsequently, Plaintiff served expert disclosures identifying barriers allegedly remaining after Defendants' remediation.  In addition to an outstanding item related to the entrance, Plaintiff's expert identified the following alleged architectural barriers to access: (1) the need for three and a half inches in the width of the accessible fitting room on the ground floor; (2) a coat hook to be installed in the ground floor fitting room; (3) labels to be installed at the ground and second floor accessible service counters; (4) "cane detection" for visually impaired persons at the ground floor accessible service counter.[1]  A general contractor has been awarded the work on these projects.  It is anticipated that these items will be addressed by <u>August 25, 2018</u>.  Defendant Forever 21 is willing to provide further information to Plaintiff after August 25, 2018 to confirm that the work has been completed.  With regard to the entrance, the parties have agreed that an automatic door will address the alleged barriers at the entrance.

Plaintiff further seeks an injunction regarding the accessible routes based on the allegation that the clothing racks and displays create narrow accessible routes. Plaintiff fails to raise a triable issue of fact in this regard.  Plaintiff's expert found no issue regarding the accessible routes.  Further, courts have expressed reluctance to mandate the removal of movable objects. See, e.g., *Eiden v. Home Depot USA, Inc.*, 2006 WL 1490418 at * 12 (E.D. Cal May 26, 2006)(Plaintiff fails to cite any authority for the propositions that movable objects, such as shopping carts or merchandise in the aisles, falls within the ambit of [1991 standards].").  Accordingly, Defendant Forever 21 is entitled to summary judgment dismissing Plaintiff's ADA claims insofar as they relate to movable display items on an interior accessible route.

Defendant Forever 21 also anticipates seeking dismissal of Plaintiff's common-law negligence claim on the ground that her claim is not cognizable.  Plaintiff alleges no injury beyond her alleged inability to fully access Forever 21's Union Square location.  A plaintiff may not establish a negligence claim based purely on an alleged failure to design a place of public accommodation in accordance with federal statutes, absent further injury*.  Francis v. Lo-Do Corp.*, 2014 WL 7180091 at *2 (S.D.N.Y. 2014).

Defendant Forever 21 also intends to request that the Court decline supplemental jurisdiction over Plaintiff's state and local law claims.

---

[1] Plaintiff De La Rosa does not allege that she is visually impaired, and is therefore, not impacted by the alleged lack of cane detection at the service counter.

KAUFMAN BORGEEST & RYAN LLP

2

Forever 21 may also present additional arguments to the Court that entitles them to summary judgment. Accordingly, Defendants request that the Court set a Pre-Motion Conference in order to set a briefing schedule so that Defendant Forever 21 may move for dismissal pursuant to Fed. Rule Civ. Pro. 56. With regard to scheduling a Pre-Motion Conference, we take this opportunity to advise the Court that the undersigned counsel will traveling out of the country departing on August 22, 2018 returning to the office on September 10, 2018. Accordingly, should the Court schedule the request Pre-Motion Conference, we request a date after September 10, 2018, which would be after the completion of the aforementioned work at the premises, and counsel's return to the office.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

*/s/ Laura B. Juffa*

Laura B. Juffa


cc: (via ECF)

    Glen H. Parker, Esq.
    Adam S. Hanski, Esq.
    Robert G. Hanski, Esq.
    PARKER HANSKI LLC
    *Attorneys for Plaintiff*

    Deborah Riegel, Esq.
    Cori Rosen, Esq.
    ROSENBERG ESTIS
    *Attorneys for Defendant 4 USS LLC*

```
Application GRANTED.  The parties are directed to appear for a Pre-
Motion Conference on Tuesday, September 11, 2018 at 3:30 p.m.


Dated:    August 20, 2018           SO ORDERED.
          New York, New York

                                    [signature]

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE
```